**FILED**

July 21 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0644

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 160N

BARRY GRAY and DAWN GRAY, and
WAYNE FINCH and BRENDA FINCH,

Plaintiffs and Appellants,

v.

ROBERT R. WILSON and HEATHER E. WILSON,

Defendants and Appellees.

APPEAL FROM:     District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 09-80
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kim T. Christopherson, Christopherson Law Office, P.C.,
Kalispell, Montana

For Appellee:

Amy N. Guth, Attorney at Law, Libby, Montana

Submitted on Briefs:  June 23, 2010

Decided:  July 20, 2010

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The instant lawsuit concerns a road (the Wilson Access Road) that runs through properties owned by plaintiffs Barry Gray, Dawn Gray, Wayne Finch, and Brenda Finch (the Neighbors). In July 2008, the Nineteenth Judicial District Court, Lincoln County, ruled in a separate lawsuit that defendants Robert R. Wilson and Heather E. Wilson (the Wilsons) have an easement on this road, which the Forest Service granted to the Wilsons in 1950. The court further ruled that the easement "is limited to the historical width of the roadbed, plus three feet on each side of the road to accommodate road maintenance and snow removal." In its conclusions of law, the court "estimate[d]" that at its maximum width, the easement is 21 feet in width with a driving surface of 15 feet. Neither party appealed from these rulings.

¶3    The Wilsons then submitted plans to the Lincoln County Planning Department to develop two small subdivisions (10 lots total) on their 110-acre property. In conjunction with the proposed development, the Wilsons hired a surveyor who determined that the historical roadbed of the Wilson Access Road exceeds 15 feet in many places.

2

¶4     In May 2009, the Neighbors filed the present action against the Wilsons, seeking to enjoin them from improving the Wilson Access Road or using it for development purposes. The Neighbors contend that under the District Court's July 2008 order, the Wilsons' easement is limited to a width of 21 feet total, which includes a 15-foot driving surface and 3 feet on each side for maintenance and snow removal. They further contend that the Wilsons' easement is limited to their personal use and is not available for use by purchasers of lots within the Wilsons' proposed subdivisions. The District Court granted a preliminary injunction on August 3, 2009, and the parties thereafter filed cross-motions for summary judgment.

¶5     In considering these motions, the District Court reviewed its July 2008 order and concluded that the relevant language therein, as far as the width of the easement is concerned, is the statement limiting the easement to "the historical width of the roadbed." The court characterized its "estimation" of the easement's width as obiter dictum—i.e., "something said in passing"—and, as such, not controlling. Rather, the court decided that the "final" width of the road had to be determined "by on-the-ground measurement, based upon empirical evidence of historical use." Noting that the Wilsons' surveyor had employed such a process, the court said it was "satisfied that by basing his determination of the width of the roadbed on the historical driving surface, the Court's previous Order is being complied with." Finally, the court concluded that the Wilsons' intended use of the easement (for primary access to the two subdivisions) was permissible. Accordingly, the court denied the Neighbors' motion for summary judgment, granted the Wilsons' motion for summary judgment, and dissolved the preliminary injunction.

¶6    On appeal, the Neighbors dispute the District Court's conclusions concerning the width and use of the Wilson Access Road easement. However, having reviewed the record and the parties' briefs on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The Neighbors have failed to demonstrate that they are entitled to reversal of the District Court's decision. In addition, however, we conclude that this appeal was not frivolous. Thus, the Wilsons' request for costs and attorney's fees on appeal is denied.

¶7    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT